Dastxex, Judge.
 

 After stating the pleadings and proofs as above, proceeded. — It appears that the case made by the bill, is a very different one from that made by the proofs in the cause. If the case made by the bill, had been supported by proofs, the plaintiffs would have been entitled to relief on the special prayer in the bill to have an account of the value of the slaves, after the defendants had spoliated the title deeds, and taken the slaves away, and sold them to persons unknown. In that case, there would have been no necessity to have made the wife of
 
 Henry Kornegay
 
 a party plaintiff to the bill, because an absolute deed for slaves or other personal property to a
 
 feme covert,
 
 and assented to by the husband, would have vested the title in him, when the slaves or other property should have been reduced into possession. .(1
 
 Thomas Coke,
 
 132, 133. The bill states that the deeds were absolute, and that the^ husband had reduced the slave;? into his possession. They would seem then to be his property: but the evidence in the case shows that the deeds were executed subsequent to the passage of the act of Assembly, authorising slaves to be limited by deed, as they might have been previous to the passage of the act, by way of executory devise in last wills and testaments ; and the evidence further shows, that
 
 Su-sannah Carroway
 
 reserved to herself a life estate in the said slaves, which reservation, with a limitation over to the wives of
 
 Stephen Bryant
 
 &
 
 Henry Kornegay,
 
 after the death of the tenant for life, was good in law, both
 
 *405
 
 as to the life estate, and also as to the limitation over, •By the case made, according to the proofs in the cause, neither
 
 Henry Kornegay,
 
 or his wife had a right to the possession of the slaves until the death of Mrs.
 
 Carra* ‘way,
 
 the tenant for life. If therefore, it become necessary for the parties to apply to a court of equity for relief concerning the said slaves, or any interest arising out of the sales of the same, previous to the death of the tenant for life, it would be essentially necessary that the wife should be a party to tho;hill, if she was alive, and if she was dead, it would be equally necessary that her administrator should be a party, because by the deed, being executed to her, the limitation after the life estate, inured to her, and not to the husband. The general rule of law is that
 
 chases in action
 
 which are given to the wife, either before or after her marriage, survive to her upon the death of her husband, provided lie has not reduced them into possession.
 
 (Richards
 
 v.
 
 Richards
 
 22
 
 E. C. L. R.
 
 119. 121.) In
 
 (Garforth
 
 v.
 
 Bradley,
 
 2
 
 Ves. 675,)
 
 Lord
 
 Hardwicke
 
 says, that when a
 
 chose in action
 
 comes to the wife, whether vesting before or after marriage, if the husband dip in the life time of the wife, it will survive to the wife, with this distinction, that as to those that come during the coverture, the husband may for them, bring an action in his own name, and may disagree to the interest of the wife, and that a recovery in his own name, is equal to reducing into possession. But in this case
 
 Susannah Carraw ay
 
 having a a life estate in the slaves, by virtue of the deeds which limit the remainders to the plaintiff
 
 Henry’s
 
 wife and child, if would have been impossible
 
 for
 
 him legally to. have reduced the slaves into possession during the continuance of the life estate, if the slaves had not been sent away. If therefore, during the life of Mrs.
 
 Curra-way,
 
 it should so happen that Henry,the husband, should die, the-right to the slaves would survive to the wife.
 
 (Hines
 
 v.
 
 Lewis’ Executors, Taylor,
 
 44.) So on the other hand, if the wife should die during the life of Mrs.
 
 Carr away,nnd
 
 then .she. should die,-the administrator of the wife, and not the husband,-should bring the action
 
 *406
 
 to recover the slaves.
 
 Whitbie’s Administrator
 
 v.
 
 Frazier,
 
 (1
 
 Hay.
 
 275.) The slaves having been turned into money by the conduct of the defendants, does not alter the rule as respects making the wife a party to a bill brought to secure the fund. In this case she is not a party, and we think the husband cannot proceed without her, if she is alive, and if she is dead, it is equally necessary that her administrator should be a party. — . If the want of a wife as a party, was the only objection to this bill, the court would order the case to stand over* and give leave to amend, by making the necessary parties ; but it appears that the case stated in the bill is quite different from the case made by the proofs, and the plaintiffs cannot proceed without additional parties, and a quite different case made in the bill, to correspond with the proofs in the cause. The present bill is framed upon a supposition that the deeds for the conveyance of the slaves had been unconditional and absolute, and that the plaintiffs were, in consequence of
 
 the
 
 destruction of their title papers, and the asportation of the slaves, entitled to a decree, for an immediate account of the value of the said slaves. Whereas the case made by the proofs in the cause, could only entitle the plaintiff and their wives to entertain a bill for relief, so far as to have a decree that the slaves and their increase be restored to the v ¡ves of
 
 Korvegay
 
 &
 
 Bryant,
 
 on the death of Mrs.
 
 C.
 
 the tenant for life, or a decree for securing the fund in case the slaves could not be obtained on the determination of the life estate.
 

 
 *405
 
 A Jeo<1 to st
 
 feme covert,
 
 con» veying «laves to her after the death of the donor, creates an interest which survives to her after the death of her husband, and she is a necessary party to a bill by him, seeking relief upon her title.
 

 The cases of
 
 Rinee
 
 v.
 
 Lewie, CTayfor’e Rep.
 
 A 4,) and
 
 Whithit r. Frazier,
 
 (1
 
 Ray.
 
 876,) approved.
 

 
 *406
 
 It is a rule in equity, that if relief cannot be given under the prayer exactly as prayed, contained in the bill, the court will assist the particular prayer under the general prayer, but relief inconsistent witti the specific relief prayed, cannot be given under the general prayer, unless when a bill is filed by an infant, who may have a decree upon matter arising upon the state of his case, though lie has not particularly insisted upon, and prayed it by his bill.
 
 Walpole
 
 v.
 
 Oxford,
 
 (3
 
 Ves.
 
 416,
 
 Grimes
 
 v.
 
 French, 2 Atk.
 
 141, 12
 
 Ves.
 
 48. 13
 
 Ves.
 
 114
 
 Stapleton
 
 v.
 
 Stapleton,
 
 1
 
 Atk.
 
 6, 2
 
 Mad. Ch.
 
 171.) I» the
 
 *407
 
 case before the court, no relief could be given under the :genei*al .prayer, but what would be inconsistent with the particular prayer contained in the bill, viz: an immediate account, and therefore this court could not help the plaintiff, under the general prayer, if all proper parties were before it. We take no notice, of an objection made at the hearing, that the‘bill was multifarious, because if this objection were well founded, it should have been made in the pleadings. The plaintiffs cannot get ■along'without their bill being entirely remodeled, as well as the making the w ife of
 
 H. JCurnegatj,
 
 a party plaintiff. We.feel ourselves under the necessity of dismissing the bill, which is accordingly done, .without prejudice to the rights of the parties, and without costs,
 

 P&K C®RiAM,~BlXxDíÍMISSBB.